(No. 3691—

Virgil G. Brooks, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 12, 1943.*

John W. Fribley, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Fisher, J.

Claimant alleges:

That on April 11, 1941, and prior thereto, he was a civil service employee with the Department of Conservation.

That on April 11, 1941, he was wrongfully discharged from his position as an Inspector.

That on December 22, 1941, the Circuit Court of Sangamon County, in a mandamus proceeding pending therein, wherein claimant was petitioner and the Department of Conservation and the Illinois Civil Service Commission were defendants, entered an order commanding the Department of Conservation and the Illinois Civil Service Commission to reinstate claimant to his position as Inspector, and that he was so reinstated on January 20, 1942.

Claimant seeks an award of $1,605.44 for salary unpaid from April 11, 1941, the date of his discharge, to January 20, 1942, the date of his reinstatement.

The record consists of the statement of claim filed February 26, 1942, stipulation of facts, and waiver of statement, brief and argument by claimant and respondent by and through respective counsel.

The facts as stipulated herein are, in part, as follows:

"That on May 1, 1941, the Civil Service Commission of the State of Illinois advised Virgil G. Brooks that his discharge had been approved by the Commission, and was, as far as that Commission was concerned, final.

"That on July 24, 1941, Virgil G. Brooks, Claimant, commenced an action of mandamus, in the Circuit Court of Sangamon County, Illinois, to compel his reinstatement as an Inspector to the position of Inspector in the Department of Conservation, State of Illinois.

"That on December 22, 1941, the Circuit Court of Sangamon County, Illinois, issued a Mandamus Order directing the Department of Conservation of the State of Illinois, and the Illinois Civil Service Commission, to reinstate the said Virgil G. Brooks, Claimant, to his position and employment as an Inspector in the Department of Conservation, aforesaid.

"That claimant was not so reinstated by the Department of Conservation of the State of Illinois, until January 20, 1942, and that from April 11, 1941, to January 20, 1942, Claimant was ready and willing to perform the duties of his office, but that his services were refused.

"That the Auditor of Public Accounts of the State of Illinois, has advised that on the 30th day of September, 1942, the appropriation to the Department of Conservation of the State of Illinois, made by the Sixty-first General Assembly, lapsed, leaving a balance of $89,853.10."

"The right to the salary is attached to and follows the legal title to the office."

*People* vs. *Bradford*, 276 Ill. 246.

Claimant was a duly certified Civil Service employee of the State of Illinois. He was wrongfully discharged and

prevented from performing the duties of his position, and was restored to his position by the Circuit Court of Sangamon County, Illinois. He was diligent in the protection of his own rights, and at all times for which he seeks payment of salary, he was ready, willing and able to perform the duties of his position, tendered the performance thereof, and such tender was refused. He is entitled to the salary of this position during the time he was wrongfully prevented from performing the duties of the position, which was from April 11, 1941, to January 20, 1942, or the sum of $1,605.44.

An award is therefore entered in favor of claimant in the sum of $1,605.44.

Eckert, J., dissenting:

On December 22, 1941, claimant secured a writ of mandamus in the Circuit Court of Sangamon County, Illinois, ordering his reinstatement as an inspector in the Department of Conservation of the State of Illinois. In that suit he had the right to seek payment of the salary for which claim was filed in this court on February 26, 1942.

The Court of Claims has consistently held that it will not review the orders of officers, boards and commissions made pursuant to powers granted them by the Legislature, or grant awards where claimants had a remedy by appeal to the courts of general jurisdiction which they failed to pursue. (*Bassett* vs. *State,* 2 C. C. R. 372; *Mayer* vs. *State,* 3 C. C. R. 34; *Bolton and Smith* vs. *State,* 4 C. C. R. 104; *Toedter et al,* vs. *State,* 5 C. C. R. 400.) In creating the Court of Claims, it was the intention of the Legislature to give jurisdiction to the court only in such cases as could not be heard or determined by any other court or by any other process of law, provided by the statutes of the State of Illinois. (*N. Y., Chicago & St. Louis R. R. Co.* vs. *State,* 6 C. C. R. 481.) The Legislature, in creating the Court of Claims, did not intend to open wide the doors to all litigants to choose between the courts already established by the Constitution and this court; did not intend that this court should usurp the powers of, contradict, or compete with courts of general jurisdiction. (*Moline Plow Company* vs. *State,* 5 C. C. R. 277.) The Court of Claims was created to hear claims and demands against the State for which no other forum had been provided. (*Michigan Central R. R. Co., et al,* vs. *State,* 7 C. C. R. 133.) Where the claimant

has a complete and adequate remedy at law in courts of general jurisdiction, the Court of Claims does not have jurisdiction. (*Moline Plow Company* vs. *State,* supra; *Mohawk Carpet Mills, Inc., a corporation,* vs. *State,* 8 C. C. R. 37; *Anderson* vs. *State,* 9 C. C. R. 310; *Decker* vs. *State,* 10 C. C. R. 294; *Central States Distributors, Inc., et al,* vs. *State,* 11 C. C. R. 417; *Madera Wineries & Distilleries* vs. *State,* 11 C. C. R. 632.)

Claimant had full opportunity to present his claim to the Circuit Court of Sangamon County in a proceeding pending therein, and not having done so, cannot present the same claim for determination here. In view of the long line of decisions of this court, and in view of the basic underlying principles of those decisions, this court is without jurisdiction to make an award in this case.